**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRANDON L. WILLIAMS,

Petitioner - Appellant,

v.

RANDAL WORKMAN, Warden,

Respondent - Appellee.

No. 11-7065
(D.C. No. 6:11-CV-00011-RAW-KEW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

---

Brandon L. Williams, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his 28

U.S.C. § 2254 petition. We deny his request for a COA and dismiss this matter.

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Williams is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

On June 20, 2000, Mr. Williams pled guilty to one count of first-degree murder in Oklahoma state district court. On June 21, 2000, the state district court sentenced Mr. Williams to life imprisonment. After his sentencing, Mr. Williams filed a timely motion to withdraw his guilty plea. The Oklahoma Court of Criminal Appeals ("OCCA") denied his motion on January 11, 2001. *See Williams v. State*, No. C-2000-977 (Okla. Crim. App. Jan. 11, 2001). Mr. Williams did not file a petition for certiorari to the United States Supreme Court.

On October 16, 2009, Mr. Williams filed a state application for post-conviction relief. A state district court denied his application on September 23, 2010.

On January 7, 2011, Mr. Williams filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 2254. The federal district court denied his petition, concluding it was time-barred under the one-year statute of limitations for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1). The federal district court also concluded that Mr. Williams did not demonstrate a basis to equitably toll the one-year statute of limitations.

Mr. Williams filed a timely notice of appeal and a request for a COA seeking to challenge the district court's denial of his § 2254 petition. Mr. Williams also filed a motion to proceed *in forma pauperis* and a request for appointment of counsel.

The granting of a COA is a jurisdictional prerequisite to Mr. Williams's appeal from the district court's denial of his § 2254 petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where, as here, the district court dismisses a petition on procedural

grounds, we will grant a COA only if the petitioner can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1). This limitations period begins to run on "the date on which the judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

The record establishes that Mr. Williams was sentenced in state court on June 21, 2000. His conviction was affirmed by the OCCA on January 11, 2001. Mr. Williams had 90 days from the issuance of the OCCA's opinion to file a petition for certiorari in the United States Supreme Court, but he did not pursue that remedy. Mr. Williams's conviction therefore became final on April 11, 2001, when the 90-day period for filing a petition for certiorari expired. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) ("[The] conviction became final . . . when the ninety-day time period for filing a certiorari petition with the United States Supreme Court expired.").

Pursuant to the one-year statute of limitations set forth in AEDPA, Mr. Williams was required to file his § 2254 petition by April 11, 2002—one year after his conviction became final. But Mr. Williams did not file his § 2254 petition until January 7, 2011—nearly nine years after his one-year filing deadline expired. Mr. Williams's § 2254 petition is therefore untimely.

-3-

Mr. Williams argues that the statute of limitations for filing his § 2254 petition was tolled pursuant to 28 U.S.C. § 2244(d)(2) when he filed his state application for post-conviction relief. Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See also May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) ("The one-year period of limitation for filing a federal habeas petition is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period."). We have previously explained that under § 2244(d)(2), "[o]nly state petitions for post-conviction relief filed *within the one year allowed by AEDPA* will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (emphasis added).

Mr. Williams did not file his state petition for post-conviction relief until January 7, 2011, well after expiration of the one-year period for filing his § 2254 petition. Accordingly, section 2244(d)(2) does not apply to his § 2254 petition. Additionally, after reviewing Mr. Williams's brief and the record on appeal, we do not find any basis for equitably tolling the one-year period for filing a § 2254 petition. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (noting that in "rare and exceptional circumstances," the one-year limitations period for filing a § 2254 petition is subject to equitable tolling). We therefore hold that Mr. Williams has failed to establish that he is entitled to a COA.

In sum, we are not persuaded that jurists of reason would find the district court's

procedural ruling debatable.  Accordingly, we DENY Mr. Williams's request for a COA

and DISMISS this matter.  We also DENY Mr. Williams's request to be provided with

court-appointed counsel.  We GRANT Mr. Williams's motion to proceed *in forma*

*pauperis*.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge